**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LUIS ARIZMENDI,

      Appellant,

        v.

DEPARTMENT OF HOMELAND
  SECURITY,

      Agency.

DOCKET NUMBER
SF-1221-14-0576-W-1

DATE: April 21, 2015

**THIS FINAL ORDER IS NONPRECEDENTIAL**[*]

<u>Luis Arizmendi</u>, Trabuco Canyon, California, pro se.

<u>Joel R. Alvarey</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision except as expressly MODIFIED by this Final Order. Specifically, we find that the appellant did not prove by preponderant evidence that he exhausted his remedies before the Office of Special Counsel (OSC) as to his assertion that he disclosed an alleged violation of safety standards set forth in regulations issued by the Occupational Safety & Health Administration (OSHA). We DISMISS for lack of jurisdiction the appellant's claim as to that disclosure, and we VACATE the administrative judge's findings concerning the merits of that claim.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    On September 17, 2013, the appellant, who has asthma, sent an email to the head of his subagency in which he asserted that his local managers intentionally exposed him to paint fumes on October 9, 2012, "with the intent to harm" when they permitted the General Services Administration to paint the elevator lobby of the building in which he worked. Initial Appeal File (IAF), Tab 11 at 80-81; *see also* IAF, Tab 7 at 43-45, Tab 13 at 27. In the email, the appellant accused local management of "attempted poisoning or criminal harassment." *Id.*, Tab 11 at 81. On October 23, 2013, the agency issued the appellant a letter of reprimand for sending the email. *Id.* at 19-23.

¶3        Thereafter, the appellant filed this IRA appeal and contended that the reprimand constituted reprisal for his email, which he alleged was protected whistleblowing. The administrative judge found jurisdiction and convened a hearing. IAF, Tab 28 at 4-5. Thereafter, the administrative judge found that the appellant did not prove that he made a protected disclosure because he failed to prove that he had a reasonable belief that the agency's actions violated a law, rule, or regulation, or that he had a reasonable belief that the agency created a substantial and specific danger to public health and safety. Initial Decision (ID) at 6-10. The appellant petitions for review. Petition for Review (PFR) File, Tabs 1-2.

¶4        To establish a prima facie case under the Whistleblower Protection Act, the appellant must prove by preponderant evidence that he made a protected disclosure and that the disclosure was a contributing factor in a personnel action. *McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 29 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012), *cert denied*, 134 S. Ct. 386 (2013). A protected disclosure is a disclosure that an appellant reasonably believes evidences, as relevant here, a violation of law, rule, or regulation, or a substantial and specific danger to public health or safety. *Id.*, ¶ 34. A reasonable belief exists if a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions of the government violated a law, rule or regulation or constituted a substantial and specific danger to public health or safety. *See id.* This is an objective test. *See, e.g.*, *Miller v. Department of Homeland Security*, 111 M.S.P.R. 312, ¶ 5 (2009). The appellant need not prove that the condition disclosed actually established a violation of law or regulation; rather, he must show that the matter disclosed was one that a reasonable person in his position would believe evidences a violation of law or regulation. *McCarthy*, 116 M.S.P.R. 594, ¶ 34.

<u>The Board lacks jurisdiction over the appellant's claim concerning his purported disclosure of a violation of OSHA regulations.</u>

¶5      In an IRA appeal, an appellant must first prove that the Board has jurisdiction over the appeal by, inter alia, proving that he exhausted his administrative remedies before OSC. *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 11 (2014). To satisfy the exhaustion requirement, an appellant must inform OSC of the precise ground of his whistleblowing claim, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Id.*, ¶ 12. The test of the sufficiency of an appellant's claim to OSC is the statement that he made in the complaint requesting corrective action, not his post hoc characterization of those statements. *Id.*; *see Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). Exhaustion with OSC is a jurisdictional prerequisite to Board consideration of the substance of the appellant's allegedly protected disclosures and the scope of an IRA appeal is limited to those disclosures raised before OSC. *Clarke*, 121 M.S.P.R. 154, ¶ 16.

¶6      In his original disclosure to the agency and his OSC complaint, the appellant contended that the agency posed a substantial and specific danger to public health and safety and violated unspecified criminal law. IAF, Tab 4 at 11, Tab 11 at 80-81. Specifically, in his OSC complaint, in response to a question asking "What information did the victim disclose?" the appellant responded "Substantial and specific danger to public health or safety" and "Violation of Law (criminal)." IAF, Tab 4 at 11. Further, he asserted in the narrative portion of his OSC complaint that he disclosed potential criminal conduct and a substantial and specific danger to public health or safety. *Id.* He later fleshed out his allegations on appeal by contending that the agency violated California Penal Code § 375 and OSHA's regulations at 29 C.F.R. § 1910.134 and 29 C.F.R. part 1926 when it exposed employees and the public to paint fumes. IAF, Tab 17 at 6, Tab 25. Although the administrative judge implicitly found that the appellant exhausted his administrative remedies before OSC, ID at 4, nowhere in his original

disclosure or in his OSC complaint did the appellant claim that he disclosed a violation of OSHA regulations, *see* IAF, Tab 4 at 8-14, Tab 11 at 80-81. Because he did not claim before OSC that he disclosed a violation of OSHA regulations, he has not exhausted his administrative remedies regarding that disclosure and the Board lacks jurisdiction to consider it. *See Boechler v. Department of the Interior*, 109 M.S.P.R. 638, ¶ 12 (2008) (where the record showed that the appellant raised to OSC a disclosure he made to the agency's Inspector General but did not raise to OSC the remaining disclosures he raised in his appeal, the remaining disclosures were beyond the scope of the Board's review), *aff'd*, 328 F. App'x (Fed. Cir. 2009). Accordingly, we VACATE the administrative judge's finding concerning the merits of the appellant's claim concerning the alleged violation of OSHA regulations, and DISMISS that claim for lack of jurisdiction.

The appellant's disclosure concerning alleged violations of state criminal law was not protected.

¶7        The appellant asserted in his original disclosure and restated in his hearing testimony that he believes that particular agency officials intentionally exposed him to paint fumes because they know he has asthma and they intended to harm him, and that the painting episode was actually an attempted poisoning in violation of California Penal Code § 375. *See* IAF, Tab 11 at 80-81. The appellant testified that, aside from a security guard in the main lobby, there was no one but him in the entire 8-floor building on October 9, 2012, a Tuesday. *See* Hearing Compact Disc (testimony of the appellant). The appellant then concludes that the agency must have warned and evacuated everyone else to ensure that only he was exposed to allegedly poisonous fumes and, thus, the agency intentionally tried to poison him.

¶8        There is no evidence that corroborates the appellant's claim that he was alone that day and the administrative judge found that his assertions that the building was empty and the agency intentionally attempted to poison him was inherently improbable and not credible. ID at 7. Aside from asserting that the

administrative judge's finding is incorrect, the appellant offers no reason on review for disturbing that finding. We agree with the administrative judge that the appellant has not shown by preponderant evidence that his apparent belief that the agency's actions constituted an attempted poisoning in violation of California law was reasonable. Thus, the administrative judge correctly found that the appellant did not prove that this disclosure was protected.

The appellant's disclosure concerning an alleged substantial and specific danger to public health and safety was not protected.

¶9 Disclosures regarding danger to the public health or safety must be both substantial and specific to be protected. *Miller*, 111 M.S.P.R. 312, ¶ 6. A disclosure of a speculative danger does not meet this test. *Id.* Factors to be considered in determining whether a disclosed danger is sufficiently substantial and specific to be protected include whether a substantial, specific harm was identified and whether the evidence supported a finding that the harm had already been realized or was likely to result in the reasonably foreseeable future. *Chambers v. Department of the Interior*, 602 F.3d 1370, 1376 (Fed. Cir. 2010).

¶10 The appellant asserts that paint fumes are dangerous, and surely they sometimes are, depending on the nature of the exposure and the sensitivities of the people exposed. However, the appellant merely stated that "Paint fumes are known to most people to be harmful" and introduced no evidence to corroborate his assertion that the danger posed by an occasional short-term exposure to paint fumes is substantial and specific. PFR File, Tab 2 at 9.

¶11 In *Chambers*, the Federal Circuit found that the appellant disclosed a substantial and specific danger to public health or safety when she disclosed that a reduction in the number of police officers available resulted in more traffic accidents because the risk was specific, i.e., an increase in traffic accidents, and substantial rather than speculative because the risk had already occurred. *Chambers*, 602 F.3d at 1379. Similarly, in *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35 (2014) and *Miller*, the appellants disclosed that

changes in airport screening and crowd management procedures led to a greater risk of a breach of security. The Board found that these disclosures were substantial and specific because the consequences of the risks identified in the disclosures could result in devastating and obvious harm. *Aquino*, [121 M.S.P.R. 35](#), ¶¶ 14-17; *Miller*, [111 M.S.P.R. 212](#), ¶¶ 15-19. Here, however, the appellant has at best identified a potential future danger to public health and safety that has not been shown to be substantial and that occurs only occasionally, making the risk of exposure to the alleged danger relatively unlikely. Therefore, it is not protected.

The appellant's motion for leave to submit an additional pleading after the record closed on review is denied.

¶12     After the record closed on review, the appellant filed a motion for leave to file an additional pleading. PFR File, Tab 8. In his motion, he asserted that the agency had recently exposed him to paint fumes again and that this constitutes new and material evidence of the agency's ongoing reprisal. *Id.* Because the appellant's new evidence, as described in his proffer, does not relate to the issue of reasonable belief, it is not relevant to the outcome of his petition for review. Therefore, we DENY the appellant's motion.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](#). You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____

William D. Spencer
Clerk of the Board

Washington, D.C.